## RAMSAY *vs.* KITTREDGE

The statute provides that, "If upon the trial of any cause the plaintiff's claim shall be reduced by set-off, or any other fact shall appear which will entitle either party to costs or to double costs, the Judge holding the ccurt shall, upon the application of either party, either before or after verdict rendered, cause an entry to be made in the minutes of the court specifying that such fact appeared; and no evidence shall be received by any taxing officer of such matter other than a certified copy of such minutes or the certificate

of the Judge who tried the cause." *Held*, That the nature of this provision very clearly imported that in the order of proceedings the application for the entry, if not the entry itself, should be made before judgment and not after it in order to apply to the judgment.

Error to St. Clair Circuit.

*Opinion by* GRAVES, J.—Ramsay sued Kittredge in general assumpsit and, the case was tried without a jury. The trial commenced at the May term of 1867, and was concluded at the January term of 1869. No special finding was made, but at the April term of 1869 judgment for the plaintiff was entered for damages, $96 35 and costs. At the ensuing September term the record was amended by an entry in the case in these terms: " It appearing to the Court that there is an error in the entry of the judgment in this cause on the 23d of April, 1869, in so far as the said record purports *to give costs to said plaintiff*, it is hereby ordered that said entry be corrected so that the said defendant shall recover his costs and charges by him about his suit in that behalf expended, to be taxed. That the damages to said plaintiff shall be deducted from the amount of costs to be taxed by said defendant as aforesaid, and that said defendant do recover the residue of his costs and charges, and that he have execution therefor."

The record having been so amended, the plaintiff, subsequently, and in January last, sued out this writ of error, and the error he alleges, is that costs were awarded to the defendant. But as the judgment upon its face is regular, and does not appear to be subject to the objection taken, the plaintiff in error relies upon another paper found in the return to support his assignment of error and impeach the judgment. That paper is omitted in the cause, and seems to have been made some time after the judgment. It is without date, and was evidently framed under section 5636 *Compiled Laws*. It reads as follows: " On the application of Messrs. Conger & Harris, plaintiff's attorneys in the above entitled cause, I, James S. Dewey, Circuit Judge, who held the term of said court at which the above entitled cause was tried, and who rendered judgment in the same, hereby certify that upon the trial of said cause, the claim of the plaintiff as established exceeded the sum of $200; and the same was reduced by set-off to the sum for which judgment was rendered, and I hereby direct that, an entry that such fact appeared be made in the minutes of said court, of said trial." The

section supposed to authorize this paper is a part of the statute reg-
ulating the taxation of costs, and is as follows :

" If upon the trial of any cause the plaintiff's claim shall be re-
duced by set off, or any other fact shall appear which will entitle ei-
ther party to costs or to double costs, the Judge holding the court
shall, upon the application of either party, either before or after ver-
dict rendered, cause an entry to be made in the minutes of the
court specifying that such fact appeared ; and no evidence shall be
received by any taxing officer of such matter other than a certified
copy of such minutes or the certificate of the Judge who tried the
cause." ·

*Held,* That the nature of this provision very clearly imported
that in the order of proceedings the application for the entry, if no t
the entry itself, should be made before judgment and not after it in or-
der to apply to the judgment. It is the judgment which determines
which party is to recover costs, and not the certificate of the Judge ;
and the taxing officer, with or without the certificate, has no power
to tax contrary to the judgment. In cases where the statute ap-
plies, the entry is needed to show which party is to recover costs, or
double costs, in order that the judgment upon the facts contained in
such entry may be put in proper form ; and hence the entry which
is to furnish the information for constructing the judgment ought to
precede and not follow it. The judgment being one regularly made,
and entry or certificate framed on this statute could have no influ-
ence on it

The terms of the statute also indicate that the application and
entry consequent upon it should be made before judgment. The appli-
cation    is    to    be    made    before    or    after    verdict    to
the Judge holding the Court, but not after judgment. It was
intended to allow the application to be made at any time between
the close of the evidence, when the Judge would be possessed of
the facts, and the time for entering judgment, when the facts would
be needed to fix the character of the judgment. As the applica-
tion in this instance and the certificate founded upon it, were made
after the judgment, the certificate is not legally adequate to im-
peach or affect the judgment or writ of error.

No opinion was given on the power or duty of the Circuit

Court to amend, either with or without an entry or certificate, when the costs have been wrongly awarded.

Judgment affirmed with costs.